UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SADAIRA REEVES,

                    Plaintiff,

v.

INTERNATIONAL UNION,
UNITED AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA, LOCAL 594

                    Defendant.
_____/

Case No. 16-14455

Paul D. Borman
United States District Judge

Anthony P. Patti
United States Magistrate Judge

**OPINION AND ORDER:**
**(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT**
**WITHOUT PREPAYMENT OF FEES OR COSTS (ECF NO. 2);**
**(2) SUMMARILY DISMISSING THE COMPLAINT PURSUANT TO**
**28 U.S.C. § 1915(e)(2) (ECF NO. 1); AND**
**(3) DENYING PLAINTIFF'S REQUEST FOR SERVICE**
**BY U.S. MARSHAL AS MOOT (ECF No. 3)**

Now before the Court is Plaintiff Sadaira Reeves' Application to Proceed in District Court without Prepayment of Fees or Costs and Request for Service by U.S. Marshal. (ECF Nos. 2, 3.) For the reasons set forth below, the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs but will dismiss the Complaint, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief can be granted. The Court will also deny as moot Plaintiff's request for service by U.S. Marshal.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." In the instant action, Plaintiff has

1

supplied an affidavit regarding her financial obligations and income. (ECF No. 2.) Based on this

information the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or

Costs.

The Court, however, is required under 28 U.S.C. § 1915 to dismiss a complaint filed

without prepayment of fees that is frivolous, malicious, fails to state a claim upon which relief can

be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §

1915(e)(2)(B). The United States Court of Appeals for the Sixth Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening
> process required by § 1915A. However, the district court must still screen the
> complaint under § 1915(e)(2). ... Section 1915(e)(2) provides us with the ability to
> screen these, as well as prisoner cases that satisfy the requirements of the section.
> The screening must occur even before process is served or the individual has had an
> opportunity to amend the complaint. The complaint must be dismissed if it falls
> within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones*

*v. Bock*, 549 U.S. 199 (2007)).

A Court must dismiss an action when it "fails to state a claim on which relief may be

granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To determine whether an action states a claim on which

relief may be granted under § 1915(e)(2)(B)(ii), this Court must apply the dismissal standard as set

forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S.

544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Accordingly, the complaint

must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). To this end, "a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555 (internal citations omitted).

The Court is also aware that a pro se litigant's complaint must be liberally construed and held to "less stringent standards that formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A plaintiff, however, must provide more than just "bare assertions of legal conclusions." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

Although it is difficult to fully understand the factual timeline outlined in the Complaint, the essence of Plaintiff's claims seems to be that she was an employee of General Motors Corporation ("GMC") and a member of Defendant International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, Local 594 ("UAW"); that in those capacities she was subjected to racially discriminatory and harassing conduct by GMC or UAW personnel in 2008; that her reports of the incident or incidents were ignored by authorities at GMC or UAW; and that she later had her employment terminated on improper grounds in 2009 . (*See* ECF No. 1 at 5-6.) The Complaint also appears to allege that Plaintiff attempted to secure back pay and reinstatement to her position at GMC through UAW, but that UAW failed to represent her fairly and adequately in these efforts, leading to her continued inability to recover her position at GMC. (*See id.* at 6-7.) (The Court draws these inferences through liberal construction of the Complaint, which does not make completely clear whom Plaintiff worked for and when, what the

3

affiliations of all of the various identified individuals and witnesses were, or what the nature of efforts were by GMC or UAW to investigate Plaintiff's complaints or to secure reinstatement for her.) Plaintiff seeks redress for alleged breaches of contracts and anti-harassment and anti-discrimination policies, as well as compensation for lost wages, benefits, and related pain and suffering. (*See id.* at 7.)

On the civil cover sheet accompanying her Complaint, Plaintiff indicates that the central claim in this case is one for breach of contract. (*See id.* at 9.) The federal district court, however, is a court of limited jurisdiction. This Court is only empowered to hear cases that are defined within Article III, § 2, cl. 1 of the Constitution, or that have been entrusted to this Court through a jurisdictional grant of Congress. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982). Diversity jurisdiction does not exist in this case, since Plaintiff indicated on her civil cover sheet that both she and Defendant UAW are citizens of Michigan. *See* 28 U.S.C. § 1332. Plaintiff has also not sued the United States. *See* 28 U.S.C. § 1346. This Court therefore only has jurisdiction over Plaintiff's breach-of-contract claim—typically a state-law cause of action—if it is somehow part of, or at least supplemental to, a federal claim. *See* 28 U.S.C. § 1367.

The Complaint does not specify a federal statute under which Plaintiff brings this action. Because the Complaint appears to make factual allegations involving both GMC and Defendant UAW, however, it can be reasonably inferred that Plaintiff wishes to pursue remedies from both parties. This is further evidenced by the fact that Plaintiff has filed an identical Complaint against GMC. *See Reeves v. General Motors Corporation*, No. 16-14456 (E.D. Mich. filed Dec. 22, 2016). The United States Supreme Court has recognized the existence of a "hybrid" cause of action that a

plaintiff may bring against both an employer and a union based on the employer's malfeasance and the union's failure to adequately represent the plaintiff's interests:

> Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301 [of the Labor Management Relations Act, 29 U.S.C. § 185,] since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act[, 29 U.S.C. § 151 et seq.]

*DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983); *see also Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 538–39 (6th Cir. 2003) (characterizing the two causes of action as "inextricably interdependent"). The statute of limitations for such actions is six months. *See DelCostello*, 462 U.S. at 169.

Plaintiff's allegations are not enough to set forth a hybrid claim under *DelCostello*, though, both because Plaintiff does not allege the existence of a collective bargaining agreement to which GMC was a party, and because the Complaint does not indicate that Plaintiff filed this action within six months of an unfair labor practice on the part of Defendant UAW. In fact, it suggests the opposite, as the last interaction between Plaintiff and UAW that is mentioned in the Complaint appears to have been in 2013. (ECF No. 1 at 6-7.) Even if the Court were to construe the Complaint as bringing an unfair representation claim against Defendant UAW only, the same issue of timing would be fatal to that claim as well, since the same six-month statute of limitations applies to "all unfair representation claims, regardless of the nature or presence of the section 301 claim." *Adkins v. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC*, 769 F.2d 330, 335 (6th Cir. 1985). Because Plaintiff has not alleged any failure by UAW to adequately represent her interests within the six months prior to the initiation of this action, she has not plausibly set forth a claim for unfair representation under the National Labor Relations Act or a hybrid claim under *DelCostello*.

Racial discrimination in the workplace can be redressed through 42 U.S.C. § 1981. A plaintiff bringing a claim for racial discrimination under § 1981 "must plead and prove that (1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006). These rights include the rights "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981(a). The right to "make and enforce contracts," in turn, includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

While § 1981 claims are more commonly brought against employers, they may also be brought against labor unions. *See, e.g., Simpson v. United Auto Workers Local 6000*, 394 F. Supp. 2d 991, 1001 (E.D. Mich. 2005) (explaining that a plaintiff suing her local union for discriminatory substandard representation "must show that similarly situated [persons outside of the plaintiff's protected class] received superior representation from [the union] during a grievance process"); *Hill v. City of N.Y.*, 136 F. Supp. 3d 304, 339 (E.D.N.Y. 2015) (noting that "claims against unions are grounded in the union's duty of fair representation to its members" and explaining that to prevail on a § 1981 against a union, a plaintiff "must establish that: 1) [the union] breached its duty of fair representation, and 2) [the union's] actions were motivated by discriminatory animus"). Claims under § 1981 that allege workplace harassment, wrongful termination, or any other discriminatory conduct that does not specifically involve the making or enforcement of a contract

6

are subject to the four-year statute of limitations provided for in 28 U.S.C. § 1658(a). *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–83 (2004).

To the extent that Plaintiff's references to breach of contract are an attempt to assert a § 1981 claim, then, she must allege that Defendant UAW engaged in intentionally discriminatory conduct that interfered in some way with a contractual relationship to which Plaintiff was a party, and she must allege that that conduct took place within the four years prior to the filing of the Complaint. Plaintiff's claim fails in this regard as well. The Complaint seems to allege that Plaintiff was subjected to offensive conduct (which included racial slurs) in 2008, though the Complaint does not make clear what the relationship between Plaintiff and the individual or individuals who engaged in the conduct was. (ECF No. 1 at 5.) Beyond that, however, the Complaint does not clearly allege any instances of intentional racial discrimination by Defendant UAW, nor does it provide any reason to infer that any such discrimination took place within the four years immediately prior to the filing of this action on December 22, 2016. The Court finds that Plaintiff's claim, if construed as a § 1981 claim, must be summarily dismissed on this basis.

For all these reasons, the Court GRANTS Plaintiff's Application to Proceed without Prepayment of Fees or Costs (ECF No. 2) and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) as failing to state a claim (ECF No. 1). Further, the Court DENIES AS MOOT Plaintiff's Request for Service by the U.S. Marshal (ECF No. 3).

IT IS SO ORDERED.

s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 18, 2017

7

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on

s/Deborah Tofil
Deborah Tofil
Case Manager (313)234-5122

8